Johny Franky LONGDONG, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–71908.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Thomas J. Tarigo Suite, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, OIL, DOJ, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Johny Franky Longdong, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Longdong's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). We reject Longdong's equal protection and due pro-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cess contentions regarding the one-year time bar. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir. 2002) (rejecting an equal protection and due process challenge to statutory time limitation where such limitation served rational purpose). Therefore, we deny the petition as to Longdong's asylum claim.

 Substantial evidence supports the agency's finding that Longdong failed to establish he suffered harm that rose to the level of past persecution on account of his Christian religion. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir. 2003). Even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Christian Indonesians, Longdong did not demonstrate a sufficiently individualized risk of persecution necessary to establish a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d at 1179, 1184–85 (9th Cir.2003). Lastly, the record does not compel the conclusion that Longdong established a pattern or practice of persecution against Christians in Indonesia. *See Wakkary v. Holder,* 558 F.3d 1049, 1061 (9th Cir.2009). Accordingly, Longdong's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**